## McBRIDE v. McBRIDE.

*Appeal from Keokuk District Court — Friday, January 25.*

PRACTICE ON APPEAL.

THE facts necessary to an understanding of the case are stated in the opinion.

*Donnell & Fonda* for the appellant — *Woodin and McJunkin* for the appellee.

MILLER, J. — The material statements in plaintiff's petition are that, from the 9th day of October, 1866, to the 1st day of October, 1870, the plaintiff and defendant had been partners in carrying on mercantile business ; that on said last-named date they dissolved said partnership by mutual consent, when it was agreed between them that the defendant was to take and have all the merchandise on hand, the book accounts and other assets, pay all the indebtedness of the firm then existing, pay plaintiff eight and one-third dollars per month for use of store-room, and to pay plaintiff the original sum paid in by him as capital stock ($2,365.50), and also the sum of $527.13, paid by plaintiff upon the indebtedness of the firm, and interest on these amounts at 12½ per centum, as plaintiff's share of the profits of the business ; that thereupon defendant took entire and sole possession of the property and assets of the firm, and the plaintiff retired from the concern. He claims a judgment for $4,000.

The defendant answered, stating the state of the accounts between the parties materially different from the statement by plaintiff, and pleading a counter-claim against him, and asking judgment for $7,827.15.

The cause was tried to the court without a jury, and as a law action, upon which trial the court rendered a judgment for the plaintiff for $2,742.85 and costs, from which the defendant appeals. He urges as error that the judgment is contrary to and not supported by the evidence ; that the evidence does not warrant a judgment for plaintiff.

The action was commenced as a law action, tried and treated throughout as such, and the finding and judgment of the court must therefore be treated in this court as the verdict of a jury in an action at law. So treating the finding of the court, we cannot say, in the conflicting state of the evidence, that it is not supported by the evidence as to the finding in behalf

of the plaintiff, but we are of opinion that the appellee ought to remit the sum of $763.95, with legal interest from March 25, 1869.

The plaintiff himself testifies that about this time, which was before the dissolution of the firm, they settled every thing then between them, and that he gave the defendant a due-bill for that amount, which has never been settled or paid.

The defendant testifies that he paid out for the plaintiff this amount of money, which has never been repaid; but that, though he wanted plaintiff's note for the amount, he never obtained it.

The parties therefore agree in the fact that about that time the plaintiff became in some manner indebted to the defendant in this sum, and that it has not since been paid or settled, and it seems to us that the amount has not been allowed to the defendant in this action.

It is objected, however, by appellee, that to entitle the appellant to this credit he should have pleaded it and brought the note into court. In the bill of particulars to defendant's counter-claim he charges the plaintiff with this exact sum of money as funds drawn out of the partnership. He denies that plaintiff gave his due-bill for the same, and if this be true he could not bring it into court. The pleading claims the amount; defendant denies that it was ever put into a note, and by plaintiff's testimony it was a simple due-bill over due some three years.

In this state of the record and the evidence, we are of opinion that the amount should be allowed to the defendant. If the plaintiff will remit this amount, the judgment will, as modified, be affirmed; otherwise the judgment will be reversed.